UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>        v.<br><br>KIMBERLY HERNANDEZ LOPEZ,<br><br>                                      Defendant. | Case No. 20-cr-02396-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 71)** |

      The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

      In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Kimberly Hernandez Lopez now files a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). (ECF No. 71.)  The Court referred the case to the Federal Defenders Office to assess whether counsel was necessary. (ECF No. 72.)  Federal Defenders filed a Status Report indicating that the "Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 74.)

At the time of sentencing, the Court added two points to Defendant's criminal history score because of her post-release status, making her criminal history category a II. (Presentence Report, ECF No. 60.)  Under the new sentencing guidelines, she would receive two less criminal history points, and her criminal history category would only be a I.  Thus, instead of the calculated guideline range of 97–121 months, Defendant's new guideline range would be 87–108 months.  However, the Court departed downward from the guideline range for "fast track" and for "safety valve equivalent."  The Court then varied even further downward because of Defendant's young age, her lack of youthful guidance, and her family responsibilities.  Ultimately the Court sentenced Defendant to only 24 months in custody. (ECF No. 69.)

Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range.  In this case, the low end of the amended guideline range is 87 months.  Since the Court sentenced Defendant to a lower sentence of 24 months and the same Section

3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion for Reduction of Sentence (ECF No. 71) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge